# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MCCULLOCK, | 1:05-cv-01044-AWI-TAG HC |
| Petitioner, | ORDER REQUIRING RESPONDENT TO FILE RESPONSE |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| JEANNE WOODFORD, et al., | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| Respondents. | ORDER DENYING PETITIONER'S MOTIONS FOR JUDGMENT (Docs. 13, 14, 16, & 17) |
| | ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (Doc. 15) |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed his Petition in the United States District Court for the Northern District of California on July 28, 2005. (Doc. 7, Attach. 2). On August 15, 2005, the matter was transferred to this Court. (Doc. 7). On September 29, 2005, Petitioner's motion for appointment of counsel, which accompanied the other documents transferred from the Northern District of California, was denied by this Court. (Doc. 11).

Subsequent to that time, the case has awaited initial screening by the Court. During that interim, Petitioner has commenced the regular filing of a series of duplicative motions apparently aimed at either prompting the Court to act or obtaining priority through repetitious demands for relief. On March 28, 2006, Petitioner filed a Motion for Judgment in which he contended the Court

violated his Sixth and Fourteen amendment rights by failing to provide him a "prompt and efficacious remedy." (Doc. 13). Petitioner alleged that the Court's delay was "intended to harass or gain tactical advantage...." (Id.).

On April 11, 2006, less than two weeks later, Petitioner filed another Motion for Judgment virtually identical to the earlier one. (Doc. 14). Petitioner then filed a Motion for Default Judgment on May 1, 2006, arguing that because no response to the petition had been made, he was entitled to a default judgment. (Doc. 15). On June 1, 2006, and again on June 19, 2006, Petitioner filed Motions for Judgment that are virtually indistinguishable from the first two. (Docs. 16 & 17).

Regarding Petitioner's Motion for Default Judgment, since the Court has not yet ordered Respondent to file a response, there is no legal basis for imposing a default on Respondent. Indeed, at this point in the proceedings, Respondent has not been required to enter an appearance in this case and is not being served with any of the Court's orders.

Additionally, there is no legal authority under which Petitioner can request, or the Court can grant, a default judgment in a habeas corpus proceeding. Although technically a civil proceeding, habeas corpus cases are governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA standards, a federal habeas corpus petition can *only* be granted when the state proceedings are either contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The AEDPA contains *no* provision for granting a habeas petition based solely upon a respondent's purported failure to answer. Thus, Petitioner's Motion for Default Judgment (Doc. 15), is DENIED.

Regarding Petitioner's four Motions for Judgment (Docs. 13, 14, 16, & 17), because they are virtually identical and seek the same relief for the same reasons, the Court will construe all four motions as requests for expedited review of the petition. Petitioner is informed that the Court has pending before it literally hundreds of active habeas cases similar to Petitioner's. The Court proceeds with the cases in the order which they are filed, regardless of the complexity or lack of complexity of the case. The Court is aware of the existence of Petitioner's case and the length of time that it has been pending. However, due to the caseload of the Court, and the Court's diligent handling of each individual case, both initial screening and merits decisions often take a considerable

amount of time. The Court will notify Petitioner as soon as any action is taken in his case and, as long as Petitioner keeps the Court informed of his current address, he will receive all decisions that might affect the status of his case. Petitioner's case will be ruled on in due course. Petitioner's four motions essentially ask this Court to take his case out of order and address it immediately. This the Court cannot do. Accordingly, the Court will DENY all four motions. (Docs. 13, 14, 16, & 17).

Further, the Court notes that, due both to the Court's huge habeas case load as well as its responsibility to fully address every motion filed by the numerous petitioners now before this Court, repeated filings of motions raising the same issues again and again is abusive and could result in the impositions of sanctions pursuant to the Court's inherent authority. Local Rule 11-110. More importantly, repeat motions divert the Court's attention and resources away from handling other cases that must be dealt with *before* the instant case can be addressed. The ultimate consequence, therefore, of filing repeated motions is to delay the Court in its efforts to reach Petitioner's own case. If Petitioner continues to file repeat motions raising the same issues, this Court may issue an order striking or disregarding such motions in the future.

**ORDER**

The Court has completed its preliminary review of the Petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

    1.    Respondent SHALL FILE a RESPONSE. A Response can be made by filing one of the following:

        A. AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

– Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

– Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2]

i. EXHAUSTION - 28 U.S.C. § 2254(b)(1). A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings so as to allow the Court to examine the limitations issue. See, Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

///

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

ii. STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

iii. SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing. Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing. If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4. RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders. See, Local Rule 83-182(a), 5-135(c).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the PETITION and any exhibits/attachments, on the Attorney General or his representative.

6. Petitioner's Motions for Judgment (Docs. 13, 14, 16, & 17), are DENIED.

7. Petitioner's Motion for Default Judgment (Doc. 15), is DENIED.

///
///
///

8. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated: **September 19, 2006**                                       **/s/ Theresa A. Goldner**
**j6eb3d**                                              UNITED STATES MAGISTRATE JUDGE