# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MCCULLOCK,<br><br>          Petitioner,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>          Respondents. | 1:05-cv-01044-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc.20)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

      Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

      Petitioner filed his petition in the United States District Court for the Northern District of California on July 28, 2005. (Doc. 7, Attach. 2). On August 15, 2005, the matter was transferred to this Court. (Doc. 7). On September 29, 2005, Petitioner's motion for appointment of counsel, which accompanied the other documents transferred from the Northern District of California, was denied by this Court. (Doc. 11).

      The petition challenges the results of a disciplinary hearing conducted at Petitioner's prison facility on October 10, 2004, which found that Petitioner had been "overfamiliar" with one of the prison staff and that he had refused to obey a direct order from the staff member to leave. (Doc. 20, Exh. 2). Petitioner's attempts to appeal an adverse decision at his disciplinary hearing were terminated by the California Department of Corrections and Rehabilitation ("CDCR") when, according to prison officials, Petitioner failed to comply with the applicable rules and regulations of the CDCR governing appeals of disciplinary proceedings. (Doc. 20, Exh. 1).

On May 6, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth District challenging the result of the disciplinary hearing, which denied the petition without comment on May 12, 2005. (Doc. 20, Exh. 1). Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition on July 13, 2005, citing In re Dexter, 25 Cal.3d 921 (1979). (Doc. 20, Exh. 1).

As mentioned, Petitioner filed his federal petition on July 28, 2005. On September 19, 2006, the Court ordered Respondent to file a response. (Doc. 18). On November 21, 2006, Respondent filed the instant motion to dismiss, contending that Petitioner had failed to fully exhaust the claims and that he was procedurally barred. (Doc. 20). On December 7, 2007, Petitioner filed his response in opposition to Respondent's motion to dismiss. (Doc. 21).

## DISCUSSION

Respondent's motion to dismiss contends that the petition should be dismissed because Petitioner has failed to exhaust his state court remedies and because his claim is procedurally barred. (Doc. 20). Petitioner responds that the Court should consider the fact that Petitioner is a lay person unskilled in the law and that, considering the "objective circumstances of the situation of the pro-se petitioner." (Doc. 21, p. 1). Petitioner impliedly argues that staffing shortages within the CDCR thwarted his efforts to exhaust his administrative remedies. (Id.). For the reasons set forth below, the Court agrees with Respondent that the instant petition is procedurally barred and should be dismissed on that ground; however, even if that were not so, the petition must be dismissed for lack of exhaustion.

**A. Procedural Default.**

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir.

1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704 (citing Michigan v. Long, 463 U.S. 1032, 1040-1041 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996)(quoting Coleman, 501 U.S. at 735) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'"). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

To be deemed adequate, the state law ground for the decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999)(quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed at the time it was applied by the state court.'"). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." Id. at 377 (quoting Morales, 85 F.3d at 1392). While the ultimate burden of proving adequacy rests with the respondent, the petitioner must place the state's affirmative defense of independent and adequate state procedural grounds at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure." Id.

Here, the California Supreme Court declined to review the merits of the petition and rejected it by citing Dexter, 25 Cal.3d 921. In that case, the California Supreme Court held in relevant part that an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies. Id. Based on the record now before the Court, it appears that Petitioner did not exhaust the available administrative remedies.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal.Code Regs., Title 15, § 3084 et seq. (2004). "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition,

or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level–also known as the "Director's Level." Id. at § 3084.5. The Director's Level is the final administrative level of review. See Wyatt v. Terhune, 315 F.3d 1108, 1116 (9th Cir. 2003).

Here, the record establishes that Petitioner did not proceed beyond the initial, informal level of review. The documents attached to Respondent's motion to dismiss and to Petitioner's opposition to the motion to dismiss indicate that on October 11, 2004, Petitioner submitted his request to appeal the disciplinary hearing; that on October 26, 2004, the Appeals Coordinator notified Petitioner that a delay occurred in the processing of his appeal due to "shortage of staff;" that on November 22, 2004 and again on December 6, 2004, Petitioner notified CDCR officials that he wished to continue with his appeal; and that on December 6, 2004, prison officials notified Petitioner that his documents were being returned to him because he had failed to attach "legible, completed copies of all reports received during the disciplinary process to a new CDC 602 with description of the problem and action requested." (Doc. 20, Exh. 2).

In a letter dated December 20, 2004, the CDCR notified Petitioner that it had not received an appeal from him but that he could resubmit an appeal by attaching legible, completed copies of all reports he had received. (Id.). The letter contained a warning that "[f]ailure to follow instructions will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to C.C.R. 3084.4(d)." (Id.). Petitioner was given fifteen days within which to comply. (Id.). On December 31, 2004, another letter followed containing the same advisements. (Id.).

On January 7, 2005, Petitioner filed another appeal of the October 10, 2004 hearing, but, on January 19, 2005, this appeal was deemed to constitute "an abuse of the appeal process" because of Petitioner's refusal "to interview or cooperate with reviewer" and for failure to attach legible copies of relevant documents. (Id.). On January 26, 2005, Petitioner again attempted to file an appeal, but on February 24, 2005, the appeal was "cancelled" as "stated in Section (C)," which appears to refer to the prior denial's Section (C), which denied the appeal based on failure to attach legible copies of documents. (Id.).

<u>All</u> of the notices from the CDCR contained the following notation at the top of the page: "Re: Screening at the INFORMAL level." (<u>Id.</u>). From this record, the Court finds that Petitioner's attempts to exhaust his administrative remedies never proceeded beyond the first, informal level of review provided for by the CDCR. Accordingly, he did not exhaust his remedies.

The rule in California that an inmate must exhaust his administrative appeals is well-established and has been applied since 1941. See <u>Abelleira v. District Court of Appeal</u>, 17 Cal.2d 280, 292 (1941). The rule was firmly established at the time of Petitioner's default in 2004-2005, and has been consistently applied since <u>Abelleira</u>. <u>Dexter</u>, 25 Cal.3d at 925; <u>In re Muszalski</u>, 52 Cal.App.3d 500, 503; <u>In re Serna</u>, 76 Cal.App.3d 1010, 1014 (1978); <u>Wright v. State</u>, 122 Cal.App.4th 659 (2004). In addition, <u>Dexter</u> is solely based on state law and is therefore independent of federal law. See <u>Carter v. Giurbino</u>, 385 F.3d 1194, 1197-1198 (9th Cir. 2004)(state rule independent where "[n]o federal analysis enters into the [rule's] equation"). Thus, the rule in <u>Dexter</u> is an adequate and independent state ground that bars this Court from reaching the merits of Petitioner's claims.

Furthermore, Petitioner has failed to establish cause and prejudice sufficient to excuse the default. Petitioner's implicit claim that his appeal was frustrated by "staffing shortages" is not credible given the present record. Although the CDCR notified Petitioner that staffing shortages may delay the appeal, Petitioner's appeal was cancelled not because of staffing shortages but because of his failure to follow the rules and regulations governing inmate appeals. Because Petitioner's claims are procedurally defaulted, federal habeas review is precluded. Accordingly, the Court will recommend that the petition be dismissed.

**B. <u>Lack of Exhaustion.</u>**

The foregoing analysis is based on the Court's view that the state procedural bar for lack of exhaustion was clearly applied by the California Supreme Court on collateral review in the state courts. However, even assuming, arguendo, that the Court is incorrect in its view and that Petitioner is not foreclosed by the state court's rejection of the habeas petition based on <u>Dexter</u>, this Court would nevertheless have to recommend dismissal of the instant petition for lack of exhaustion. In other words, regardless of whether or not the state bar was clear and unambiguous, the instant

petition is not entitled to review and must be dismissed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). Additionally, the exhaustion requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Castille v. Peoples, 489 U.S. 346, 349 (1989)(quoting Rose, 455 U.S. at 519). The exhaustion rule, while not a jurisdictional requirement, Granberry v. Greer, 481 U.S. 129, 132 (1987), creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." Id.; see also Rose, 455 U.S. at 515 ("[S]tate remedies must be exhausted except in unusual circumstances").

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000).

The "fair presentation" requirement is not satisfied if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Where a state court "has actually passed upon the claim...and where the claim has been presented as of right but ignored (and therefore impliedly rejected),...it is fair to assume that further state proceedings would be useless." Castille, 489 U.S. at 351. "Such an assumption is not appropriate, however–and the inference of an exception to the requirement of § 2254(c) is therefore not justified–when the claim has been presented for the first

and only time in a procedural context in which its merits will not be considered" absent special circumstances. Id.

Respondent contends that Petitioner did not fully exhaust his state court remedies because he presented his state habeas petition to the California Supreme Court in a procedural context in which the state high court denied the petition on procedural grounds, i.e., for failure to exhaust state remedies. The California Supreme Court denied Petitioner's state habeas petition citing In Re Dexter, which held that the requirement that a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies "applies to grievances lodged by prisoners." Dexter, 25 Cal.3d at 925.

It is clear from the chronology discussed in the preceding section that Petitioner failed to comply with the CDCR procedures regarding inmate appeals of disciplinary proceedings and that his appeal, ultimately, had been cancelled for this very reason without proceeding beyond the informal level of review. In other words, Petitioner's own refusal to comply with the CDCR's appeal process resulted in the dismissal of his appeal, thus preventing Petitioner from exhausting his administrative remedies. Presenting the state habeas petition to the California Supreme Court under such circumstances essentially foreclosed any consideration of the merits of the petition. Thus, it was not "fairly presented" and, therefore, is barred from federal habeas review. Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38.

However, where a petitioner fails to properly exhaust his claims in state court and the claims can no longer be raised because of a failure to follow the prescribed state procedure for presenting such issues, the claims are exhausted, but procedurally defaulted. Murray v. Carrier, 477 U.S. 478, 485 (1986); Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991). A district court abuses its discretion when it dismisses a petition for lack of exhaustion when "it is clear that [the] claims are now procedurally barred under state law." See Horsley v. Johnson, 197 F.3d 134, 136-137 (5th Cir. 1999).

As discussed above, it appears to the Court that the California Supreme Court deemed Petitioner's claims to be procedurally barred for failure to exhaust his administrative remedies and that those administrative remedies were terminated due to Petitioner's own failure to follow

applicable CDCR policies and rules. Hence, it appears to the Court that further exhaustion in state court is impossible because Petitioner's claims are procedurally barred. See Sandgathe v. Maass, 314 F.3d 371, 375 (9th Cir. 2002)(a claim is procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred.").

However, assuming, for the sake of argument, that it is not clear that the claims are now procedurally barred under state law, see Horsley, 197 F.3d at 136-137, the federal court should follow the exhaustion procedure and dismiss. Toulson v. Beyer, 987 F.2d 984, 987-988 (3d Cir. 1993). Accordingly, even if the Court is mistaken in concluding that the state procedural bar has clearly been applied here, Petitioner's failure to exhaust his administrative remedies nevertheless requires dismissal of the petition.

**RECOMMENDATIONS**

For the foregoing reasons, it is HEREBY RECOMMENDED that the instant Petition for Writ of Habeas Corpus (Doc. 1), be dismissed.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within fifteen (15) days after filing of the Objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal District Judge's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 9, 2007**               /s/ Theresa A. Goldner
                                        UNITED STATES MAGISTRATE JUDGE