# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT J. MCCULLOCK,** | 1:05-cv-1044-AWI-TAG-HC |
| Petitioner, | **ORDER ADOPTING FINDINGS AND RECOMMENDATION AND** |
| v. | **GRANTING MOTION TO DISMISS** |
| **JEANNE WOODFORD, et al.,** | (Document #20) |
| Respondent. | |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 10, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the court grant Respondent's motion to dismiss and dismiss the petition.. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty (20) days of the date of service of the order. On August 27, 2007, Petitioner filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's primary argument in the objections is that he is not required to exhaust his administrative remedies and state remedies because prison officials denied his administrative appeals as untimely. Petitioner cites to Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005). While Ngo concerned administrative exhaustion in the context of prisoner civil rights cases, the court agrees with Petitioner that Ngo

offers analogous reasoning to this action because both Ngo and this action concern what is sufficient exhaustion of prison administrative remedies.

The problem for Petitioner is that Ngo was overturned by the Supreme Court in Woodford v. Ngo, 126 S.Ct. 2378 (2006). In that case, the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. The Supreme Court found that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. The Supreme Court reasoned that the:

> benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction.

Ngo, 126 S.Ct. at 2388. Based on this Supreme Court precedent, the court must find that Petitioner did not complete the prison administrative review process.

Accordingly, the court ORDERS that:

1. The Findings and Recommendations filed on August 10, 2007 are ADOPTED in full;

2. Defendants' motion to dismiss is GRANTED; and

3. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   September 14, 2007              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE